UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MING EN WANG, *on behalf of himself and others similarly situated*,

                Plaintiff,

-v-

YONG LEE INC., *et al*.

                Defendants.

17-CV-9582 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On November 1, 2022, the Court entered judgment in favor of Plaintiff in the amount of $155,522.18, pursuant to the jury verdict in this matter. (Dkt. No. 94.) Plaintiff's counsel now moves for attorney's fees and costs totaling $145,096.57. (*See* Dkt. No. 96 28-29.) That sum encompasses its fees and costs in this matter and three related bankruptcy actions:

| Matter | Attorney and Staff Fees | Costs |
|---|---|---|
| 17-cv-09582 | $101,541.50 | $5,209.57 |
| 19-bk-43583 and 19-ad-01127 | $18,595.00 | $0 |
| 19-bk-11909 | $19,750.50 | $0 |

Defendants have filed no opposition to Plaintiff's fee request, so the Court treats it as unopposed. For the reasons below, the Court awards $128,866.00 in fees and $5,209.57 in costs, for a grand total of $134,075.57.

I.     **Legal Standard**

Under the New York Labor Law, "a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). The cost award "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and

1

which are normally charged fee-paying clients." *Id.*  There is no question that Plaintiff was the prevailing party here, given that the jury returned a verdict in his favor, and the Court subsequently approved a judgment to that effect.  Where the parties "agree to a separate attorneys' fee determination that is independent of a Plaintiff's settlement amount, courts utilize the lodestar method, i.e., the product of a reasonable hourly rate and the reasonable number of hours required by the case, to determine a presumptively reasonable attorneys' fee award." *Lu Wan v. YWL USA Inc.*, No. 18-CV-10334 (CS), 2021 WL 1905036, at *2 (S.D.N.Y. May 12, 2021) (cleaned up).

There are four steps in the calculation of a reasonable fee award.  The Court must: "(1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the reasonable hourly rate by the number of hours reasonably expended to determine the presumptively reasonable fee; and (4) make an appropriate adjustment to arrive at the final fee award." *Lu Wan v. YWL USA Inc.*, No. 18-CV-10334 (CS), 2021 WL 1905036, at *2 (S.D.N.Y. May 12, 2021).  "There is no precise rule or formula for determining a proper attorney's fees award; rather, the district court should exercise its equitable discretion in light of all relevant factors." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016).

To determine the reasonable hourly rate, the Court makes "a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, and may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (quoting *Townsend v. Benjamin Enter., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)).

II.     Analysis

Here, Plaintiff's counsel seeks rates of $650 per hour for Managing Attorney John Troy. (Dkt. No. 96 at 29.) It seeks $400 per hour for Managing Associate Aaron Schweitzer in connection with his legal work (reduced to $200 per hour for travel time and managerial tasks). *Id.* It seeks $150 per hour for the work of Tiffany Troy before she became an associate at the firm, increased to $200 per hour for her work after she became an associate. *Id.* And it seeks $200 per hour for Managing Clerk Preethi Kilaru. *Id.*

Troy Law has represented Plaintiff in this matter since August 2018. (Dkt. No. 96 ¶ 5.) As a preliminary to the jury trial, Plaintiff's counsel worked to lift automatic stays related to multiple bankruptcy proceedings initiated by Defendants Yong Lee, Inc. and Jing Yang. (Dkt. No. 97 at 9; Dkt. No. 96 ¶ 11.)

Managing Attorney John Troy represents that he was admitted to the New York bar in 1989 and is the attorney of record in over 200 wage-and-hour matters in this District and the Eastern District of New York, among others. (Dkt. No. 96 ¶¶ 13-27.) Here, Troy requests an hourly rate of $650. Troy has been awarded an hourly rate of $550 in wage-and-hour actions in this District. *Lianhua Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, No. 17-CV-273 (LAP), 2021 WL 2043399, at *2 (S.D.N.Y. May 21, 2021); *Jianhui Hu v. 226 Wild Ginger Inc.*, No. 17-CV-10161 (KNF), 2020 WL 6324090, at *8 (S.D.N.Y. Oct. 7, 2020), *report and recommendation adopted*, No. 17-CV-10161 (JGK), 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020). The Court concludes that, in light of the fees awarded in these recent matters, a reduction of Troy's fee from $650 to $550 is appropriate.

Aaron Schweitzer was admitted to the New York bar in 2018. (Dkt. No. 96 ¶ 30.) He has five years of legal experience and is an attorney in nearly over 180 wage-and-hour matters in

3

this District and others.  (Id. ¶¶ 33-40.)  Courts have awarded him an hourly rate of $350 in similar cases.  *See, e.g.*, *Lianhua Weng*, 2021 WL 2043399, at *2.  In light of Schweitzer's work in this matter, including the fact that he litigated the jury trial without the aid of any co-counsel, the Court concludes that his requested $400 hourly rate is reasonable.

The Court concludes that the rates for Tiffany Troy and Preethi Kilaru are reasonable in light of their experience and role in this matter.  *See id.*

Plaintiff's counsel also requests fees in connection with three bankruptcy actions: *In re Jin Yang*, No. 19-bk-43583 (ESS), (E.D.N.Y. Bkr.); *Wang v. Yang*, No. 19-ad-01127 (ESS), (E.D.N.Y. Bkr.); and *In re Yong Lee, Inc.*, No. 19-bk-11909, (S.D.N.Y. Bkr.).  The Court has authority to award fees in connection with the bankruptcy actions: "Courts in this District have held that counsel in FLSA actions may be reimbursed for reasonable fees and costs incurred in connection with bankruptcy proceedings where such work is 'necessary for the resolution of the claims' in the FLSA lawsuit.'"  *Cortes v. New Creators, Inc.*, No. 15-CV-05680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016).

The Court has also reviewed Troy Law's contemporaneous records detailing the number of hours expended in this matter and the related bankruptcies.  (Dkt. No. 96-1.)  The Court finds that the number of hours expended is reasonable.

Accordingly, the following fees are awarded:

| **Fees and Costs Incurred in This Matter** | | | |
|---|---|---|---|
| *Attorney / Staff* | *Hourly Rate* | *Hours* | *Fees Awarded* |
| John Troy | $550.00 | 52.00 | $28,600.00 |
| Aaron B. Schweitzer | $400.00 | 153.04 | $61,216.00 |
| Aaron B. Schweitzer | $200.00 | 1.83 | $366.00 |
| Aaron B. Schweitzer | $0.00 | 1.25 | $0.00 |

4

| Tiffany Troy | $200.00 | 2.58 | $516.00 |
|---|---|---|---|
| Tiffany Troy | $150.00 | 29.49 | $4,423.50[1] |
| Preethi Kilaru | $200.00 | 2.58 | $516.00 |
| | | Total | $95,637.50 |
| | | Costs | $5,209.57 |

**Fees and Costs Incurred in *In re Jin Yang*, No. 19-bk-43583 (ESS), (E.D.N.Y. Bkr.) and *Wang v. Yang*, No. 19-ad-01127 (ESS), (E.D.N.Y. Bkr.)**

| *Attorney / Staff* | *Hourly Rate* | *Hours* | *Fees Awarded* |
|---|---|---|---|
| John Troy | $550.00 | 25.84 | $14,212.00 |
| Aaron B. Schweitzer | $400.00 | 0.25 | $100.00 |
| Tiffany Troy | $150.00 | 3.50 | $525.00 |
| Preethi Kilaru | $200.00 | 5.87 | $1,174.00 |
| | | Total | $16,011.00 |

**Fees and Costs Incurred in *In re Yong Lee, Inc.*, No. 19-bk-11909, (S.D.N.Y. Bkr.)**

| *Attorney / Staff* | *Hourly Rate* | *Hours* | *Fees Awarded* |
|---|---|---|---|
| John Troy | $550.00 | 25.33 | $13,931.50 |
| Aaron B. Schweitzer | $400.00 | 4.73 | $1,892.00 |
| Preethi Kilaru | $200.00 | 6.97 | $1,394.00 |
| | | Total | $17,217.50 |
| | | **GRAND TOTAL** | **$134,075.57** |

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is GRANTED to the extent of $128,866.00 in fees and $5,209.57 in costs, for a grand total of $134,075.57. A judgment for fees and costs in that amount shall be issued.

---

[1] Troy Law's submission (apparently) erroneously lists the fee sought here to be $423.50, rather than $4,423.50. (Dkt. No. 96 at 28.) The Court corrects the calculation.

The Clerk of Court is directed to close the motion at Docket Number 95.

SO ORDERED.

Dated: December 19, 2022
       New York, New York

                                                J. PAUL OETKEN
                                            United States District Judge